UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

DUNCAN P. McQUARRIE, JR. and
ELISSA L. McQUARRIE,

    Debtors.
_____/

WINGS FINANCIAL FEDERAL
CREDIT UNION,

    Plaintiff,

vs.

DUNCAN P. McQUARRIE, JR. and
ELISSA L. McQUARRIE,

    Defendants.
_____/

Case No. 6:08-bk-10325-ABB
Chapter 7

**FILED**

**NOV 1 9 2009**

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

Adv. Pro. No. 6:09-ap-00803-ABB

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Complaint to Determine Dischargeability of Certain Debts (Doc. No. 1) and the Stipulation for Entry of Final Judgment of Nondischargeability with Stay of Execution Thereon (Doc. No. 3) filed by the Plaintiff Wings Financial Federal Credit Union ("Plaintiff") requesting a debt of $6,911.14 be deemed nondischargeable pursuant to the Stipulation executed by Duncan P. McQuarrie, Jr. ("Mr. McQuarrie") and Elissa L. McQuarrie ("Mrs. McQuarrie") (collectively, the "Debtors"). An evidentiary hearing was held on November 2, 2009 at which counsel for the Plaintiff appeared. The Stipulation is due to be to be disapproved, with the granting of leave to file a revised stipulation, and judgment is due to be entered in favor of Mrs. McQuarrie.

The Debtors have maintained a banking relationship with Plaintiff since 1992. They have a joint checking account and two joint savings accounts with Plaintiff (Main Case Doc. No. 1). Plaintiff holds security interests in the Debtors' four vehicles and their Correct Craft motorboat (Id.). The Debtors had a credit card account and Mr. McQuarrie had a line of credit with Plaintiff.

The Debtors filed this case on October 31, 2008 ("Petition Date"). Plaintiff asserts in its Complaint the Debtors obtained cash advances of $6,911.14 through the line of credit within seventy days of the Petition Date. It contends the advances are presumed to be nondischargeable and seeks judgment against the Debtors jointly pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(2)(C)(i)(II). The Debtors, their counsel, and Plaintiff executed the Stipulation on September 10, 2009 in which the Debtors stipulate the amount of $6,911.14 is nondischargeable. The Stipulation contains no terms or conditions regarding payment of the stipulated sum, default provisions, or other settlement terms.

Plaintiff must establish the debt at issue is nondischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A) by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991). Exceptions to discharge are "strictly construed against the creditor and liberally in favor of the debtor." Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986).

Plaintiff did not establish the debt is nondischargeable as to Mrs. McQuarrie. It has not established Mrs. McQuarrie is an obligor on the line of credit or that she incurred any portion of the debt. The line of credit was issued by NWA Federal Credit Union pursuant to a Credit Application for All Credit Under the Open-End Credit Plan executed

2

by Mr. McQuarrie individually on April 15, 1992 for the initial purpose of purchasing the motorboat (Doc. No. 1, Exh. 1).[1] Mrs. McQuarrie did not execute the Credit Application or any guaranty (Id.). Plaintiff's August and September 2008 account statements reflect the credit line debt is the individual obligation of Mr. McQuarrie (Doc. No. 1, Exh. 2).

The Stipulation is due to be disapproved. All indebtedness owed to Plaintiff pursuant to the line of credit is dischargeable as to Mrs. McQuarrie pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(2)(C) and is due to be discharged if and when a discharge is issued in the Debtors' case. The parties shall be granted leave to submit a revised stipulation as to Mr. McQuarrie only. The revised stipulation shall not contain any provision requiring Mr. McQuarrie to pay attorneys' fees, costs, and/or interest in the event of a default. The revised stipulation must set forth the specific terms and conditions of the settlement.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Stipulation (Doc. No. 3) is hereby **DISAPPROVED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the parties may file, within fourteen (14) days of the entry of this Memorandum Opinion and Order, a revised stipulation as to Mr. McQuarrie only in conformity with the provisions of this Memorandum Opinion and Order; and it is further

---

[1] Plaintiff has not established its relationship with NWA Federal Credit Union or that it is the holder in due course of any debt instruments or security agreements executed by the Debtors.

**ORDERED, ADJUDGED and DECREED** that the Court will consider any such revised stipulation without further hearing.

A separate Judgment consistent with this Memorandum Opinion and Order shall be entered contemporaneously.

Dated this 19th day of November, 2009.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge